```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA

                        Alexandria Division

                                  )
THE FLEXIBLE BENEFITS COUNCIL     )
                                  )
     Plaintiff,                   )
                                  )
                                  )
     v.                           )        1:08cv371 (JCC)
                                  )
                                  )
KENNETH FELDMAN, et al.           )
                                  )
     Defendants.                  )
                                  )
```

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Plaintiff's Motion in Limine. For the following reasons, the Court will grant in part and deny in part Plaintiff's Motion.

## I. Background

The relevant facts are as follows. On September 11, 2008, Plaintiff filed a Motion for Summary Judgment, which Defendants opposed on September 25, 2008. The parties later submitted a consent order to the Court, which was entered on October 22, 2008. The only issues remaining before the Court on this matter are whether to award attorney's fees and statutory damages to Plaintiff for Defendant's violations of the Lanham Act, 15 U.S.C. § 1125 and the Anti-Cybersquatting Consumer Protection Act (ACPA), 15 U.S.C. § 1125(d).

1

Plaintiff filed a Motion in Limine to Strike Testimony and Exhibits and to Compel Deposition and Production of Telephone Records on October 9, 2008.  Defendants filed an opposition on October 20, 2008 and Plaintiff replied on October 20, 2008.  This matter is currently before the Court.

## II. Analysis

Plaintiff requests that the Court (1) strike the portions of Defendant Feltman's September 25, 2008 affidavit pertaining to Plaintiff's policies or directives regarding filing and reporting requirements and (2) Defendant Feltman's 1997 conversations with Board members regarding these requirements, (3) strike Defendants' trial exhibits 21 and 22, (4) compel Defendant Hawks's Deposition, and (5) compel production of Defendant Hawks's telephone records.  Defendants oppose all of these requests.  The Court will address each issue in turn.

    A.   <u>Motion to Strike Portions of Defendant Feltman's September 25, 2008 Affidavit</u>

One of the defenses asserted in this case is that Defendant Feltman was not responsible for filing Plaintiff's annual reports with the District of Columbia.  Feltman submitted an affidavit on September 25, 2008 (Feltman Affidavit) offering facts in support of that defense.  Plaintiff requests that the Court strike paragraphs 6, 7, and 8 of this affidavit because they include new facts regarding Plaintiff's policies and directives on its official reporting requirements, and Defendant

2

Feltman's 1997 conversations with Plaintiff's Board members on this subject that were concealed during discovery.

Defendant Feltman had many opportunities during discovery to provide specific information regarding his assertion that he was not responsible for filing Plaintiff's corporate documents to Plaintiff.  The first opportunity was in his response to Plaintiff's May 13, 2008 interrogatories; the second was his deposition of June 2, 2008.

In the interrogatories, Feltman was asked "to identify all documents that evidence or reflects the allegations [that the board relieved Feltman of responsibility for filing official documents with governmental entities] and identify all individuals, including but not limited to [Plaintiff's] Board members, staff, agents and representatives, with knowledge of this allegation."  Pl.'s Mot. in Limine at Ex. 4, Interrog. 14. Feltman was also asked to "identify which specific Board member(s) established the policy, when the policy was established, whether the policy was oral or in writing, how the policy was communicated to Feltman, and identify all documents that evidence or reflect the allegations [and] all individuals . . . with knowledge of this allegation."  *Id.* at Interrog. 15. Feltman responded to Plaintiff's interrogatories with a few general facts and no documents, although he promised to

supplement his answers at a later date. He never supplemented these answers.

At deposition, Feltman was repeatedly asked to identify the person(s) who told him that he was not responsible for Plaintiff's corporate filings. Feltman Depo. at 11-12, 15-16, 18-19, 120-21, 123-24. Feltman failed to provide any names or the specific details of any conversations. *Id.*

Nearly four months later, in the Feltman Affidavit, Defendant suddenly provided names, dates, and details about telephone and in-person conversations he had with Plaintiff's Board members regarding his (lack of) responsibility for Plaintiff's corporate filings.

Plaintiff argues that the Court should strike the relevant paragraphs of the Feltman Affidavit because Plaintiff is prejudiced by Defendants' failure to provide timely information, leaving it with "no ability to timely obtain rebuttal evidence." It also asserts that Defendant Feltman was obviously hiding the details of these conversations until after discovery was completed. Finally, Plaintiff submits that Feltman's statements are irrelevant because they merely convey the alleged substance of oral, unrecorded, and uncorroborated conversations, the substance of which contradict the clear terms of the MSA.

Defendants submit that many of the facts in the Feltman Affidavit were provided at his deposition. Feltman Depo. at 15-

16, 19-21, 110-16, 119-21, 123-24, 128-31.  To the extent that the facts asserted were not previously provided, Defendant argues that the Court should permit those facts to remain on the record. Defendant submits that this information is very relevant to the issues before the Court and that Plaintiff is not prejudiced by the time and manner in which it was presented because Plaintiff's witness list already includes some of the persons referenced in the Feltman Affidavit.

Plaintiff diligently pursued the information presented for the first time in paragraphs 6-8 of the Feltman Affidavit during discovery.  Defendants' failure to provide this information, to support a defense they chose to assert, cannot be cured by a spontaneous post-discovery affidavit.  The Feltman Affidavit is untimely to the extent that it provides factual information not previously presented.  To the extent that the facts *were* previously presented in Feltman's answers to interrogatories and deposition, that information is now on the record and can be considered by the Court without the necessity of rehashing that information in an affidavit.  The Court will strike paragraphs 6-8 of the Feltman Affidavit.

B.   Motion to Strike Defendants' Trial Exhibits 21 and 22

Plaintiff asks the Court to strike Defendant's trial exhibits 21 and 22, filed on September 29, 2008 (Exhibits), from the record.  Defendant asserts that these exhibits reflect

discussions by Plaintiff's Board regarding a possible name-change for Plaintiff.  Plaintiff asserts that they should be stricken because they do not show what Defendants assert and because they were not produced during discovery.  According to Plaintiff, the Exhibits do not show what Defendants assert because they are not Board records or official policies or decisions of the Board.  Plaintiff submits that informal discussions on a possible name-change by individuals who were members of the Board but who were not acting at a Board meeting or through other official channels carry no weight in this proceeding.

Defendant argues that Plaintiff's argument goes only to the weight of the evidence, not its admissibility.  Defendant submits that the Exhibits, as discussions between Board members, are relevant and any factual dispute about their significance should be resolved by the fact-finder.

Defendant's Exhibits 21 and 22 are not irrelevant to the issues that remain in this case.  The Court will not strike these exhibits.

   C. <u>Compel Defendant Hawks's Deposition</u>

Plaintiff requests that the Court compel Defendant Hawks's deposition, as he failed to appear for a deposition scheduled for September 9, 2008.  In open court on October 15, 2008, the parties rescheduled this deposition for October 21,

2008.  The requested deposition occurred on that date and Plaintiff noted in open court that this motion is moot.

    D.   <u>Compel Production of Defendant Hawks's Telephone Records</u>

        Plaintiff requests that the Court compel the production of Defendant Hawks's personal cell phone records.  On May 30, 2008, Magistrate Judge Jones granted Plaintiff's motion to compel in this matter.  The Order to Compel required Defendants to produce all unprivileged "documents that constitute, refer, or relate to . . . telephone records of any phone used by you [each defendant] to discuss ECFC, Ltd. including, but not limited to, records for the number (202) 371-0125" within three calendar days of the date of the order.  Pl.'s Mot. in Limine at Ex 7.

        Defendants argue that the records have never been in Hawks's possession or control and that Plaintiff has been aware of this since June 6, 2008, yet failed to subpoena the records from the corporation with control over them.  Because discovery has since closed, Defendants submit that compelling production would conflict with the Court's Scheduling Order and burden a third-party.  They also state that compelling production is unnecessary, since there will be no trial, and redundant, since Defendants have produced Feltman's phone records, which provide details of conversations between Feltman and Hawks.

        Plaintiff responds that it has diligently pressed Defendants for the production of these records from the date of

7

the Order to Compel until the present[1] and explains that it did not seek a subpoena *duces tecum* because Defendants continually promised to produce the records and expressed a strong desire to avoid a subpoena. It also asserts that the records remain necessary because it wishes to use them to confirm the facts asserted in Hawks's October 16, 2008 Affidavit, which details Hawks's due diligence on the legality of Defendants' actions.

Defendants have failed to produce documents compelled for production nearly five months ago and Plaintiff appears to have cooperatively and diligently sought their production throughout this time. The Court will suggest that Plaintiff pursue Defendant Hawks's cell phone records, showing calls made between January 1, 2008 and April 15, 2008, by means of a subpoena duces tecum.

### III. Conclusion

For these reasons, the Court will grant in part and deny in part Plaintiff's motion.

An appropriate Order will issue.

October 27, 2008                        _____/s/_____
Alexandria, Virginia                              James C. Cacheris
                                        UNITED STATES DISTRICT COURT JUDGE

---

[1] Plaintiff has provided a detailed chart of the dates and substance of its attempts to obtain the telephone records from Defendants, supported by twelve pieces of correspondence between parties' counsel. Pl.'s Reply at 4-7, Ex. 4-15.