IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

```
                              )
THE FLEXIBLE BENEFITS COUNCIL )
                              )
     Plaintiff,               )
                              )
                              )
        v.                    )      1:08cv371 (JCC)
                              )
                              )
KENNETH FELDMAN, et al.       )
                              )
     Defendants.              )
                              )
```

## M E M O R A N D U M   O P I N I O N

This matter is before the Court on Plaintiff's Motion to Seal the Affidavit of Carrie Ellenbogen.  For the following reasons, the Court will grant Plaintiff's Motion.

### I. Background

On September 11, 2008, Plaintiff filed a Motion for Summary Judgment and supporting memorandum [114, 115, 122]. Included in the exhibits to this memorandum is an affidavit by Carrie Ellenbogen.  Plaintiff also filed a Motion to Seal these documents [116-19].  On November 3, 2008, the parties entered into a consent order regarding the Motion to Seal as it related to Defendants' information, which the Court found was not privileged in its October 8, 2008 order.  Plaintiff continues its Motion to Seal as it relates to the Ellenbogen Affidavit and the exhibits thereto.  Defendants have not filed an opposition, but

1

would not consent to the sealing of this document.  This matter is currently before the Court.

## II. Analysis

Plaintiff argues that the affidavit and its exhibit contains and summarizes sensitive financial information of Plaintiff, including 15 years of revenue data, as well as historic data on lobbying, promotion, and website expenses. Therefore, Plaintiff seeks permission to file a version of the Ellenbogen Affidavit and attachments with the financial information redacted.

*Ashcraft v. Conoco, Inc.* sets out three requirements for sealing court filings: (1) public notice with an opportunity to object; (2) consideration of less drastic alternatives; and (3) a statement of specific findings in support of a decision to seal and rejecting alternatives to sealing.  218 F.3d 282, 288 (4th Cir. 2000) (citing *Stone v. University of Maryland Med. Sys. Corp.*, 855 F.2d 178, 181 (4th Cir. 1988); *In re the Knight Publishing Co.*, 743 F.2d 231, 235 (4th Cir. 1984)).  In addition, Local Rule 5(C) governs prospective motions to seal.[1]  As

---

[1] Any motion for a protective order providing prospectively for filing of documents under seal shall be accompanied by a non-confidential supporting memorandum, a notice that identifies the motion as a sealing motion, and a proposed order, which shall include:
    (1) A non-confidential description of what is to be sealed;
    (2) A statement as to why sealing is necessary, and why another procedure will not suffice;
    (3) References to governing case law; and
    (4) Unless permanent sealing is sought, a statement as to the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing.

2

Plaintiff did not specify a time period for sealing, the Court presumes that it seeks a permanent seal.

The Court finds that Ellenbogen Affidavit and its exhibits contain confidential financial data that are normally unavailable to the public.  The public's interest in access is outweighed here by the Plaintiff's interest in preserving confidentiality.  There are no alternatives that appropriately serve these interests.  The Court will seal these documents.

### V. Conclusion

For these reasons, the Court will  Court will grant Plaintiff's Motion to Seal the Ellenbogen Affidavit.

An appropriate Order will issue.


November 13, 2008                  _____/s/_____
Alexandria, Virginia                     James C. Cacheris
                               UNITED STATES DISTRICT COURT JUDGE

---

The proposed order shall recite the findings required by governing case law to support the proposed sealing.